PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1998 Chevrolet Lamina struck a poorly marked median separating the entrance to and exit from WV Route 16, locally designated Robert C. Byrd Drive, in Mabscott, Raleigh County. WV Route 16 and its entrances and exits are public roads maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 9:3 0 p.m. on March 10, 2009. It was drizzling rain. There was no artificial lighting. At the time *220 of the incident, Claimant was driving up the entrance ramp to WV Route 16, leaving Mabscott and heading towards Crab Orchard. The entrance/exit ramp to WV Route 16 is a two-lane road, with one lane of traffic entering Route 16 and one lane exiting Route 16. Claimant stated that she was unfamiliar with this road, because she was new to the area. Claimant testified that as she neared the entrance to Route 16, her vehicle suddenly struck the median dividing the entrance and exit lanes to and from WV Route 16, throwing the vehicle into the opposite lane. Claimant stated that the median was unmarked and that the yellow lane line on the her side of the median was worn off, but that a sharp metal rod protruded from the median (presumably from an earlier sign), causing serious damage the underneath part of Claimant’s vehicle, including its alternator. Claimant presented the Court with a towing receipt for $23 5.00. Claimant’s vehicle, which was purchased six months earlier for $ 1,800, was totaled as a result of this incident. Claimant also testified that she paid $600 to put new tires on the vehicle just prior to the incident. Claimant’s insurance declaration sheet indicates that her vehicle had liability insurance only.
The position of the Respondent is that it did not have actual or constructive notice of the unmarked median on the WV Route 16 entrance ramp at the time of the incident. Brian Ramplewich, Crew Supervisor for Respondent in Raleigh County, testified that he is familiar with the stretch of road and median involved in this claim, and stated that it was his belief that a yellow lane line was present on the date of Claimant’s incident. Mr. Ramplewich conceded that the rod protruding from the median which caused damage to Claimant’s vehicle was likely a directional sign, although he was unaware of how long it had been missing. In addition, Respondent presented evidence that the fair market value of Ms. Lough’s vehicle, given its high mileage, would have been no more than $1,400.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the poorly demarcated median on the WV Route 16 entrance/exit ramp in Mabscott. Since the stub of a sign protruded from the unmarked median and created a hazard to the traveling public, the Court finds Respondent negligent.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimant should be awarded the sum of $2,235.00, for the fair market value of her vehicle, plus the cost of her new tires and towing.
Award of $2,235.00.